UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLBY SNYDER, | CASE NO. 2:25-cv-01753-LK |
| Plaintiff, | ORDER DENYING MOTION FOR REMOTE DEPOSITIONS WITHOUT A COURT REPORTER |
| v. | |
| LINDBLAD EXPEDITIONS LLC et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Colby Snyder's "Motion for Order Permitting Remote Deposition by Audio/Video Recording without Court Reporter, with Later Transcription." Dkt. No. 28. Defendants oppose the motion. Dkt. No. 29. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

Snyder filed his pro se complaint in this Court in September 2025, alleging that his former employers, Defendants Lindblad Expeditions LLC and Lindblad Holdings, Inc. ("Linblad"), failed to pay his wages. *See generally* Dkt. No. 1. Snyder contends that he was engaged as a full-time

ORDER DENYING MOTION FOR REMOTE DEPOSITIONS WITHOUT A COURT REPORTER - 1

officer "with guaranteed rotational assignments," but he was discharged without cause for "not meeting expectations." *Id.* at 1, 4. He asserts claims for failure to pay wages under the Seamen's Wage Act, 46 U.S.C. §§ 10313, 10504; "unearned wages for improper discharge" under general maritime law, 46 U.S.C. §§ 10313, 10504; failure to pay wages under Washington and Alaska law; and, in the alternative, unlawful engagement of a seaman under 26 U.S.C. § 11107. *Id.* at 5–10.

In December 2025, Snyder noted a deposition of Lindblad's corporate representative under Federal Rule of Civil Procedure 30(b)(6), then requested the depositions of Lindblad's Vice President of Marine Operations, its Vice President of Compliance, its Shipboard Human Resources Manager, and one if its captains. *See* Dkt. No. 30 at 1–2; Dkt. No. 30-1 at 2; Dkt. No. 30-2 at 2–4; Dkt. No. 30-3 at 13–14.

Scheduling was proceeding cooperatively, but on December 23, Snyder emailed Defendants' counsel stating, "Due to the holiday season and limited vendor availability, I have been unable to obtain timely confirmation from a remote court reporter service for the upcoming proposed deposition dates" and proposed remote depositions without a court reporter present. Dkt. No. 30-4 at 3. Defendant declined to agree to depositions without a court reporter, *id.* at 2, and Snyder filed this motion the same day, Dkt. No. 28. Discovery is scheduled to be completed by July 24, 2026. *See* Dkt. No. 26.

## II.    DISCUSSION

Snyder requests that the Court "[p]ermit[] the deposition to proceed remotely by audio/video recording without a court reporter present;" "[a]uthoriz[e] the oath to be waived or administered by agreement of the parties;" and "[a]llow[] the recording to serve as the official record, subject to later transcription if necessary." Dkt. No. 28 at 3. Snyder contends that "[m]ost vendors advised that they do not provide services to pro se litigants," and the "quoted rates render the use of a court reporter financially impossible for [him]." *Id.* at 1–2.

Defendants respond that depositions must be conducted before a court reporter or a person appointed by the court who performs the roles set forth in Federal Rule of Civil Procedure 30. Dkt. No. 29 at 3–4. They argue that Snyder seeks to depose five witnesses, including a corporate representative, without a court reporter and "instead to remotely audio/video record the depositions[,] in a completely unspecified manner, and let that recording act as the official record," which will not ensure the integrity of the record. *Id.* at 5.

**A.    Legal Standard**

Federal Rule of Civil Procedure 30 authorizes the party noticing a deposition to state whether it will be recorded "by audio, audiovisual, or stenographic means," and requires that party to pay the costs associated with the chosen method. Fed. R. Civ. P. 30(b)(3)(A); *see also* Charles Alan Wright & Arthur R. Miller, 8A Fed. Prac. & Proc. § 2115 (3d ed. Sept. 2025 Update) ("since 1993 any party has had a right to use nonstenographic recording by giving prior notice to the deponent and the other parties."). Rule 30(b)(4) states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." *See also* LCR 30(b) (stating that "[t]the notice must state whether the deposing party intends that deposition to be taken by remote means as provided in, and subject to, Fed. R. Civ. P. 30(b)" and "[d]epositions handled by remote means may be used in the same way as any other deposition").

"Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). In turn, Rule 28(a)(1) states that a deposition may be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination" or "a person appointed by the court where the action is pending to administer oaths and take testimony." Rule 30(b)(5) enumerates the officer's duties, including administering an oath and making on-the-record statements at the beginning and end of the deposition. *See also* Fed. R. Civ. P. 30(f) ("The officer must certify in writing that the witness

ORDER DENYING MOTION FOR REMOTE DEPOSITIONS WITHOUT A COURT REPORTER - 3

was duly sworn and that the deposition accurately records the witness's testimony."). Finally, Rule 32(c) provides that "[u]nless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well."

**B.     Snyder is Not Entitled to the Relief He Seeks**

The Court first considers the scope of the record for this motion. The Court does not consider Snyder's assertions that "[m]ost vendors advised that they do not provide services to pro se litigants" or that the cost would be financially burdensome to him, Dkt. No. 28 at 1–2, because he does not cite anything in the record to support these assertions. LCR 7(b)(1) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."); LCR 10(e)(6) (requiring citation to the record); *see also* United States District Court for the Western District of Washington Pro Se Guide at 27, *available at* https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCour t.pdf ("You are solely responsible for the payment of fees associated with the services of a court reporter.").

Snyder also argues in his reply brief that Defendants' response to his motion was untimely and may be disregarded. Dkt. No. 31 at 2. This argument is easily rejected. Snyder filed his motion on December 23, 2025, and under Local Civil Rule 7(d)(3), Defendants' response was due 15 days later, which was on January 7, 2026. Defendants filed their response on that day and it was therefore timely. *See* Dkt. No. 29.[1]

---

[1] Defendants are reminded that the Court does not permit citations in footnotes. Dkt. No. 17-1 at 4. Future noncompliant briefs will be summarily stricken.

ORDER DENYING MOTION FOR REMOTE DEPOSITIONS WITHOUT A COURT REPORTER - 4

Snyder further states in his reply brief that "[t]o the extent [his] initial motion referenced waiver of the oath or administration by agreement of the parties, [he] withdraws that request and seeks only Court-authorized administration of the oath by a neutral officer under Rule 28(a)(2)." Dkt. No. 31 at 4. Snyder's motion specifically sought an order "[a]uthorizing the oath to be waived or administered by agreement of the parties," Dkt. No. 28 at 3, and the Court will not entertain Snyder's new request for relief in reply, *see, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (same).

Even if Snyder had properly made his request for "Court-authorized administration of the oath by a neutral officer under Rule 28(a)(2)," Dkt. No. 31 at 4, that request is too vague to grant. Snyder neither identifies a suitable officer nor a procedure to select one.

That lack of detail pervades other aspects of Snyder's motion, which is almost entirely devoid of specifics about the procedures he seeks or how they would comport with Rule 30's requirements. Although Snyder requests "audio/visual" recording, he does not specify whether he seeks recording by one or both methods or identify who would do the recording or certification. The motion seeks permission to take the depositions remotely, Dkt. No. 28 at 3, but it fails to identify where the oath-administering officer would be located or specify how the depositions would be taken—by telephone or "other remote means." Fed. R. Civ. P. 30(b)(4). Nor has Snyder demonstrated that he could have the depositions certified as required by Federal Rule of Civil Procedure 30(f)(1). Consequently, Snyder has not shown that the depositions would comply with Court rules or that the resulting recordings would have sufficient indicia of reliability to be used as the "official record" as Snyder requests. Dkt. No. 28 at 3. Accordingly, the Court denies the motion. *See, e.g.*, *Alcorn v. City of Chicago*, 336 F.R.D. 440, 445 (N.D. Ill. 2020) (noting that the Federal Rules of Civil Procedure do not permit someone to simply "press the record button in a

remote deposition" because the requirements in Rules 28 and 30 "cannot be so easily circumvented"); *Raiser v. San Diego Cnty.*, No. 19-cv-0751-GPC-KSC, 2021 WL 2886048, at *7–8 (S.D. Cal. July 9, 2021) (denying motion to conduct depositions without a deposition officer who met the requirements of Federal Rules of Civil Procedure 28 and 30(b)), *aff'd sub nom. Raiser v. Cnty. of San Diego*, No. 21-56158, 2023 WL 1813492 (9th Cir. Feb. 8, 2023).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Snyder's Motion for Order Permitting Remote Deposition by Audio/Video Recording without Court Reporter, with Later Transcription. Dkt. No. 28.

Dated this 20th day of January, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR REMOTE DEPOSITIONS WITHOUT A COURT REPORTER - 6